IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV00206-MU

WALTER E. BARRINGER    )
    )
    Plaintiff,    )
    )
    v.    )        ORDER
    )
AAA COOPER    )
    )
    Defendant.    )
_____)

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss" (Document #7) and Defendant's "Renewed Motion to Dismiss" (Document #19). Defendant contends that Plaintiff's claim should be dismissed for failure of service as required by Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's Renewed Motion to Dismiss are GRANTED.

---

## BACKGROUND

Plaintiff Walter Barringer ("Barringer") was employed by Defendant AAA Cooper ("AAA Cooper") as a dockworker. Barringer filed a charge of discrimination with the Equal Employment Opportunity Commission, which was dismissed on January 31, 2006. The EEOC issued a notice of right to sue on the same day. On May 3, 2006, Barringer filed this complaint. Four months later, September 5, 2006, Barringer sent three documents to AAA Cooper: a copy of the complaint, a form regarding consent to magistrate jurisdiction, and Barringer's corporate disclosure statement. No summons was served.

**ANALYSIS**

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve the defendant with both a summons and the complaint within 120 days. If such service does not occur, a court can either dismiss the case or if the plaintiff shows good cause for the failure to serve, direct that service be effected. See Fed. R. Civ. P. 4(c)(1).

Here, Barringer failed to serve defendant within the allowed time and fails to show good cause why service was not effected. Indeed, Barringer has not demonstrated that service was even attempted.

Although courts often give pro se litigants more leeway in their pleadings, they are expected to at least make a reasonable or diligent effort to effect service of process. See Brett v. Freedman, 1997 U.S. App. LEXIS 22821 (4th Cir. 1997). In this case, Barringer did not make any attempt to serve AAA Cooper, and therefore, he has failed to meet his burden for service.

Since Barringer failed to serve AAA Cooper within the 120 days allowed by Rule 4(m), this Court does not have personal jurisdiction over AAA Cooper and Defendant's Renewed Motion to Dismiss is GRANTED.


IT IS SO ORDERED.

Signed: April 17, 2007

Graham C. Mullen
United States District Judge